IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN S. ALBERT, TRUSTEES OF THE ALBERT REVOCABLE TRUST UAD 6/3/1997 AND RESTATED 1/7/2020; AND KIMBERLY LEBLANC ALBERT, TRUSTEES OF THE ALBERT REVOCABLE TRUST UAD 6/3/1997 AND RESTATED 1/7/2020;<br><br>Plaintiffs,<br><br>vs.<br><br>NOELANI YACHT CHARTERS, LLC, A HAWAII LIMITED LIABILITY COMPANY; JIM JONES; KIMBERLEY KALALANI HIGA, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE GOVERNMENTAL AGENCIES 1-50, DOE ENTITIES 1-50,<br><br>Defendants. | CIV. NO. 23-00132 SOM-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS NOELANI YACHT CHARTERS AND KIMBERLEY KALALANI HIGA |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS <u>NOELANI YACHT CHARTERS AND KIMBERLEY KALALANI HIGA</u>

Before the Court is Plaintiffs Kevin S. Albert and Kimberly Leblanc Albert,

Trustees of the Albert Revocable Trust UAD 6/3/1997 and Restated 1/7/2020's

(collectively "Plaintiffs") *Motion for Entry of Default Judgment Against*

*Defendants Noelani Yacht Charters and Kimberley Kalalani Higa* ("Motion for Default Judgment" or "Motion"), filed on May 26, 2023. ECF No. 26. Upon careful review of the *Motion for Default Judgment*, the Court found that the *Motion* was deficient. In an *Entering Order* dated June 30, 2023, the Court directed Plaintiffs to file a supplemental memorandum addressing

> (1) the *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), factors the Court must evaluate when considering default judgment requests; and (2) why there is no just reason for delay under Fed. P. Civ. P. 54(b) for the court to enter final judgment against fewer than all claims or parties.

ECF No. 32. The Court cautioned Plaintiffs that "[a]bsent legal authority and analysis on these issues, the Court is inclined to recommend denial of the *Motion* without prejudice." *Id.* On July 17, 2023, Plaintiffs filed a *Supplemental Memorandum in Support of [the Motion for Default Judgment]* ("Supplemental"). ECF No. 37. In their two-page *Supplemental*, Plaintiffs attempt to factually distinguish *Eitel v. McCool* from this case. Plaintiffs state,

> Unlike Defendant McCool in *Eitel*, there can be no misunderstanding about the status of this case. There has been no settlement agreement or other agreement for tolling the claims. After entry of Default Judgment against Defendants [Kimberley Kalalani Higa] and [Noelani Yacht Charters], Defendant Jones will still be a party in the case and his interests will not be adversely affect by these judgments against other parties.

*Id.* at PageID.137. In their *Supplemental*, Plaintiffs failed to address the *Eitel* factors and why there is no just reason for delay to enter final judgment against fewer than all claims or parties. Because Plaintiffs were provided with an opportunity to supplement their deficient *Motion* and failed to address the Court's

2

concerns, the Court elects to decide the *Motion for Default Judgment* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("LR").  After careful consideration of the *Motion*, *Supplemental*, records in this case and applicable law, the Court cannot find that default judgment is appropriate and **RECOMMENDS** that the *Motion for Default Judgment* be **DENIED**.

## BACKGROUND

Plaintiffs commenced this action on March 13, 2023.  ECF No. 1.  The *Complaint* names three defendants: Defendant Noelani Yacht Charters, LLC, a Hawaii limited liability company ("Defendant NYC"), Defendant Jim Jones ("Defendant Jones") and Defendant Kimberley Kalalani Higa ("Defendant Higa") (collectively "Defendants").  *Id*.  In their *Complaint*, Plaintiffs allege (1) a breach of contract claim against Defendants NYC and Jones; (2) a misrepresentation claim against Defendants NYC and Jones; (3) an unfair and deceptive acts and practices claim against Defendants NYC and Jones; (4) a claim for exemplary damages against Defendants NYC and Jones; (5) a negligence claim against Defendants Jones and Higa; and (6) a claim for a maritime lien against Defendant NYC.  *Id*.

The summons and *Complaint* were served on Defendant Jones on March 15, 2023 (ECF No. 10), Defendant Higa on March 17, 2023 (ECF No. 11) and Defendant NYC on March 21, 2023 (ECF No. 12).  On April 11, 2023, Defendant Jones filed an *Answer* to the *Complaint*.  ECF No. 13.  On April 17, 2023,

Plaintiffs filed an *Ex Parte Request to Clerk for Entry of Default of Defendants [NYC] and [Higa]*. ECF No. 14. On April 18, 2023, an entry of default was entered against Defendants NYC and Higa. ECF No. 15. However, on May 8, 2023, a telephonic Rule 16 Scheduling Conference was held, and Defendants Jones and Higa made appearances. ECF No. 19. The Court issued its Rule 16 Scheduling Order that same day. ECF No. 20. Shortly thereafter on May 26, 2023, Plaintiffs filed the *Motion for Default Judgment* presently before this Court.

## DISCUSSION

### I. Eitel v. McCool Factors

Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that a court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). The Court notes that "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted).

"Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)) (citations omitted). "The Clerk's entry of default . . . does not mean that the Court will automatically grant default judgment." *Lana'i Resorts, LLC v. Maris Collective, Inc.*, Civ. No. 21-00401 HG-KJM, 2022 WL 3084574, at *2 (D. Haw. July 13, 2022), *report and recommendation adopted*, Civ. No. 21-00401 HG-KJM, 2022 WL 3083728 (D.

4

Haw. Aug. 3, 2022). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted).

To determine whether default judgment should be entered in this case, the Court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72 (citation omitted). The Court notes that at the very least, "[a] party seeking default judgment bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Szabo v. Sw. Endocrinology Assocs. PLLC*, No. CV-20-01896-PHX-DWL, 2021 WL 3411084, at *2 (D. Ariz. July 27, 2021). The *Motion* failed to address any of the *Eitel* factors, and despite given the opportunity to supplement their *Motion* to include argument addressing the *Eitel* factors, Plaintiffs deliberately failed to make any such analysis in its *Supplemental*. Accordingly, the Court **FINDS** that Plaintiffs' request for default judgment against Defendants NYC and Higa should be **DENIED**.

5

## II. Default Judgment on Fewer than All Defendants and Claims

The Complaint involves multiple parties and claims, and the *Motion for Default Judgment* seeks default judgment against two out of three Defendants, Defendants NYC and Higa.  Fed. R. Civ. P. 54(b) states:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"In cases involving requests for default judgment against fewer than all of the defendants in an action, the Supreme Court has held that default judgment should not be entered where liability against all the defendants is joint."  *Transwest Cap., Inc. v. Cashless Concepts, Inc.*, No. 1:12-CV-00049-SAB, 2013 WL 2286106, at *1 (E.D. Cal. May 23, 2013) (citing *Frow v. DeLa Vega*, 82 U.S. 552, 554 (1872)).  "The Ninth Circuit extended this holding to prohibit default judgment against fewer than all of the defendants in an action where the co-defendants are 'similarly situated, even if not jointly and severally liable.'"  *Transwest Cap., Inc.*, 2013 WL 2286106, at *1 (citing *In re First T.D. & Inv., Inc.*, 253 F3d 520, 532 (9th Cir. 2001) & *Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012)).  The rationale for this rule is "to prevent inconsistent judgments between the defaulting defendants and the non-defaulting defendants, which 'would be incongruous and illegal.'"  *Transwest Cap., Inc.*, 2013 WL 2286106, at *1 (citing *Frow*, 82 U.S. at 554).

The *Motion for Default Judgment* seeks default judgment against fewer than all parties and claims. Based on this Court's review of the *Complaint*, it appears that under various claims, Defendants NYC and Higa are similarly situated with Defendant Jones, who the *Complaint* alleges is liable under several different claims with either Defendant NYC or Defendant Higa. Accordingly, this Court cannot find that there is no just reason for delay for entering default judgment against Defendants NYC and Higa. Plaintiffs have also not provided any argument regarding this issue despite being directed to *Supplement* their *Motion*. The Court thus **RECOMMENDS** that the district court **DENY** the *Motion for Default Judgment*.

## CONCLUSION

Based on the foregoing, the Court **FINDS** that Plaintiffs failed to establish that default judgment is warranted despite given the opportunity to supplement their *Motion*. The Court is unable to find that there is no just reason for delay to enter default judgment against fewer than all parties and claims. The Court thus **RECOMMENDS** that the district court **DENY** the *Motion for Default Judgment*.

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 2, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00132 SOM-RT; *Kevin S. Albert, Trustees of the Albert Revocable Trust UAD 6/3/1997 and Restated 1/7/202 et al. vs. Noelani Yacht Charters, LLC, a Hawaii Limited Liability Company, et al.*; Findings and Recommendation to Deny Plaintiffs' Motion for Entry of Default Judgment Against Defendants Noelani Yacht Charters and Kimberley Kalalani Higa