IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN S. ALBERT, TRUSTEES OF THE ALBERT REVOCABLE TRUST UAD 6/3/1997 AND RESTATED 1/7/2020; AND KIMBERLY LEBLANC ALBERT, TRUSTEES OF THE ALBERT REVOCABLE TRUST UAD 6/3/1997 AND RESTATED 1/7/2020,<br><br>                 Plaintiffs,<br><br>  vs.<br><br>NOELANI YACHT CHARTERS, LLC, a HAWAII LIMITED LIABILITY COMPANY; JIM JONES; KIMBERLEY KALALANI HIGA, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE GOVERNMENTAL AGENCIES 1-50, DOE ENTITIES 1-50,<br><br>                 Defendants. | CIV. NO. 23-00132 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS NOELANI YACHT CHARTERS AND KIMBERLEY KALALANI HIGA |

**FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' RENEWED MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS NOELANI YACHT CHARTERS
<u>AND KIMBERLEY KALALANI HIGA</u>**

Plaintiffs Kevin S. Albert and Kimberly Leblanc Albert, who are Trustees of

the Albert Revocable Trust UAD 6/3/1997 and restated 1/7/2020, (collectively

"Plaintiffs") filed a *Renewed Motion for Default Judgment against Defendants Noelani Yacht Charters and Kimberley Kalalani Higa* ("Renewed Motion") on November 25, 2024.  ECF No. 64.  This is Plaintiffs' second attempt at seeking default judgment against Defendants Noelani Yacht Charters, LLC ("NYC") and Kimberley Kalalani Higa ("Higa").  Previously, based upon this Court's recommendations, the district court denied Plaintiffs' first motion seeking default judgment against these same two defendants because Plaintiffs failed to (1) include an analysis of the *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), factors in their request; and (2) address why the Court should enter judgment against fewer than all claims and parties under Rule 54(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  ECF Nos. 39 & 42.

The *Renewed Motion* came on for a telephonic hearing on January 9, 2025 before the Honorable Rom A. Trader.  ECF No. 66.  Attorney D. Kaena Horowitz appeared on behalf of Plaintiffs.  Higa appeared pro se.  NYC and Defendant Jim Jones ("Jones") did not appear.  The Court took the *Renewed Motion* under advisement and now issues this recommendation based upon careful review of the *Renewed Motion*, records in this case, and applicable law.   The Court **RECOMMENDS** that the *Renewed Motion* be **DENIED**.

## BACKGROUND

Plaintiffs commenced this case on March 13, 2023.  ECF No. 1.  Summonses were issued, and each of the named defendants were served with a copy of the summons and *Complaint* in this case.  ECF Nos. 10-12.  On April 11, 2023, Jones filed an *Answer to the Complaint* (ECF No. 13), but NYC and Higa failed to answer or respond.  On April 17, 2023, Plaintiffs filed a request seeking an entry of default as to NYC and Higa.  ECF No. 14.  The Clerk's Office issued an entry of default as to both NYC and Higa on April 18, 2023.  ECF No. 15.

On May 8, 2023, a telephonic Rule 16 scheduling conference was held, and Plaintiffs agreed not to seek default judgment against NYC and Higa if these defendants filed a response or answer to the *Complaint* by no later than May 22, 2023.  ECF No. 19.  On May 22, 2023, Higa filed an *Answer* stating:

> I AGREE to the discussion Re: EFC [15] 4/18/2023 entry to default as to defendants NOELANI YACHT CHARTERS, LLC and KIMBERLEY KALALANI HIGA.

ECF No. 25 (emphasis in original).  Within the week, on May 26, 2023, Plaintiffs filed their first *Motion for Entry of Default Judgment against Defendants [NYC and Higa]* ("First Motion").  ECF No. 26.  The *First Motion* was approximately three pages long and failed to address the *Eitel v. McCool* factors and Fed. R. Civ. P. 54(b).  *See* ECF No. 32; *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).  The Court noted these deficiencies in its June 30, 2023 Entering Order and directed the

3

Plaintiffs to file a supplemental memorandum to address them.  ECF No. 32.  On July 17, 2023, Plaintiffs submitted their *Supplemental Memorandum in Support of [the First Motion]* ("Supplement").  ECF No. 37.  In it, Plaintiffs distinguished this case from *Eitel v. McCool* but failed to address the factors as directed, and failed to address Fed. R. Civ. P. 54(b).  *Id*.  On August 2, 2023, this Court issued its *Findings and Recommendation to Deny Plaintiffs' Motion for Entry of Default Judgment against [NYC and Higa]*.  ECF No. 39.  The district court adopted this Court's recommendation on September 7, 2023.  ECF No. 42.

On September 13, 2023, during a telephonic status conference with the Court, Plaintiffs' counsel indicated that Jones was participating in bankruptcy proceedings.  ECF No. 43.  Thereafter, the Court monitored the status of the bankruptcy case.  ECF No. 43, 44, 45, 47, 56 & 57.  On November 12, 2024, Plaintiffs' counsel sent a letter to this Court stating that the bankruptcy matters have been dismissed and/or closed and that Plaintiffs will seek default judgment.  ECF No. 61.  The instant *Renewed Motion* followed.  ECF No. 64.

## DISCUSSION

The Clerk entered default against NYC and Higa.  ECF No. 15.  This is the first step in a two-step process under Fed. R. Civ. P. 55 and the Ninth Circuit.  The two-step process consists of "(1) seeking the clerk's entry of default; and (2) filing a motion for entry of default judgment."  *Ramsey v. Hawaii*, Civ. No. 20-00215

4

JMS-KJM, 2020 WL 5754010, at *1 (D. Haw. Sept. 2, 2020), *report and recommendation adopted as modified*, Civ. No. 20-00215 JMS-KJM, 2020 WL5753965 (D. Haw. Sept. 25, 2020) (citing *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009)).  In this case, the parties were served and initially, only Jones responded.  ECF No. 13.  After entry of default was entered against NYC and Higa, Higa answered with an unconventional response by stating that he agreed to the "discussion" regarding the entry to default.  ECF No. 15 & 25.  Higa did not move to set aside the entry of default entered against him.

      Plaintiffs argue that entries of default against NYC and Higa were proper because (1) neither NYC nor Higa made any efforts to set aside the entries of default; and (2) Higa admitted that entry of default was appropriate in Higa's *Answer*.  ECF No. 64-1 at PageID.205.  It is true that the parties did not make any efforts to set aside the entries of default and that the rules permit Plaintiffs to now seek default judgment against NYC and Higa.  However, the Court cannot agree with Plaintiffs that Higa's *Answer* is an admission to the entry of default itself.  All that is clear is that Higa agrees to a "discussion" that was had regarding the entry of default, but Higa's *Answer* fails to identify what discussion is being referenced and the facts of the discussion.  At best, Higa's *Answer* is ambiguous and does not respond to the allegations in the *Complaint* in the manner that it should.

Nevertheless, entries of default were filed against NYC and Higa and thus, procedurally, the Court may consider the request for default judgment before it.

Under Fed. R. Civ. P. 55(b), a court may enter default judgment following a Clerk's entry of default. The decision to enter default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted). "Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. 1991) (citing *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990)) (citations omitted). "The Clerk's entry of default . . . does not mean that the Court will automatically grant default judgment." *Lana'i Resorts, LLC v. Maris Collective, Inc.*, Civ. No. 21-00401 HG-KJM, 2022 WL 3084574, at *2 (D. Haw. July 13, 2022), *report and recommendation adopted*, Civ. No. 21-00401 HG-KJM, 2022 WL 3083728 (D. Haw. Aug. 3, 2022). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted).

To determine whether default judgment should be entered in this case, the Court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

6

*Id.* at 1471-72 (citation omitted).  The Court notes that at the very least, "[a] party seeking default judgment bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment."  *Szabo v. Sw. Endocrinology Assocs. PLLC*, No. CV-20-01896-PHX-DWL, 2021 WL 3411084, at *2 (D. Ariz. July 27, 2021).

The Court has cautioned Plaintiffs to include argument addressing the *Eitel v. McCool* factors when seeking default judgment.  Although Plaintiffs address the factors in their *Renewed Motion*, this Court cannot find that Plaintiffs have met their burden.  Plaintiffs claim that they will be prejudiced by not being able to achieve finality in this matter.  ECF No. 64-1 at PageID.205.  Plaintiffs argue that NYC and Higa have not shown interest in defending in this case or following the Court's orders.  *Id*.  Plaintiffs also argue that NYC and Higa's default was not due to excusable neglect.  *Id*. at 206.  While these two factors may weigh in favor of awarding default judgment, the Court – as it has emphasized previously in response to the *First Motion* – in order to meet their burden, Plaintiffs must demonstrate to the Court that the Complaint is sufficient on its face.  ECF No. 39 at PageID.144 (quoting *Szabo v. Sw. Endocrinology Assocs. PLLC*, No. CV-20-01896-PHX-DWL, 2021 WL 3411084, at *2 (D. Ariz. July 27, 2021).

In addressing factors two (the merits of Plaintiffs' substantive claim), three (the sufficiency of the complaint), and five (the possibility of a dispute concerning

material facts), Plaintiffs merely gloss over these factors and fail to engage in any substantive arguments. Plaintiffs argue that because NYC and Higa failed to respond, "the allegations set forth in the *Complaint* are deemed admitted as true . . . What this means is that each and every allegation set forth in the Complaint is undisputed by Defendants." ECF No. 64-1 at PageID.205-206. In other words, Plaintiffs argue that the *Renewed Motion* should be granted based on the fact that because NYC and Higa failed to respond, all allegations are admitted to being true. *Id*. This reasoning defies logic and the purpose of the *Eitel v. McCool* factors. Default judgment is usually sought because the defendant has failed to respond. If it were the case that a plaintiff need only recite the fact that no timely answer was filed, factors two, three, and five (almost 50% of the factors) would always be in favor of default judgment and should not have to be discussed. Further, there is a difference between presuming that the case is meritorious based upon the failure of the defendant to respond versus arguing the merits or sufficiency of a case; Plaintiffs failed to do the latter.

      The Court cannot find that the *Complaint* is sufficient. After carefully reviewing the *Complaint*, the Court has found that Plaintiffs have not sufficiently alleged jurisdiction. "[I]t is a fundamental principle that federal courts are courts of limited jurisdiction." *Long v. JP Morgan Chase Bank, Nat. Ass'n*, 848 F. Supp. 2d 1166, 1171 (D. Haw. 2012) (citing *Stock West, Inc. v. Confederated Tribes of*

*the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir.1989)).  This action has been brought under diversity jurisdiction.  The *Complaint* states:

1. The Trust is a duly registered revocable trust with residence in the State of New Mexico.

2. Defendant NOELANI YACHT CHARTERS, LLC ("Yacht Charters") is a limited liability company registered in and with its principal offices in the State of Hawaiʻi.

3. Defendant JIM JONES ("Jones") is a resident of the State of Hawaiʻi.

4. Defendant KIMBERLEY KALALANI HIGA ("Capt. Kim") is a resident of the State of Hawaiʻi.

ECF No. 1 at PageID.2.  Plaintiffs list the residence of the parties in the *Complaint*, but proof of residency is insufficient to establish jurisdiction.  In order to establish diversity jurisdiction, the citizenship of each party should be stated in the *Complaint*.  The Ninth Circuit has stated that:

> [R]esidency is not equivalent to citizenship.  A "natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.  A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  *Id*.

*Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

Accordingly, the Court cannot determine whether jurisdiction exists in this case.

Further, this Court has also previously informed Plaintiffs of the need to address Fed. R. Civ. P. 54(b) when requesting default judgment in this case.  ECF

Nos. 32 & 39. As this Court has previously noted, multiple parties and claims are involved in the *Complaint*, and Plaintiffs seek default judgment against two out of the three Defendants, NYC and Higa. ECF No. 39 at PageID.145-146. Under Fed. R. Civ. P. 54, when a party seeks default judgment against fewer than all parties, the Court may award default judgment only if it determines that there is no just reason for delay. This Court has stated in response to the *First Motion*:

> "In cases involving requests for default judgment against fewer than all of the defendants in an action, the Supreme Court has held that default judgment should not be entered where liability against all the defendants is joint." *Transwest Cap., Inc. v. Cashless Concepts, Inc.*, No. 1:12-CV-00049-SAB, 2013 WL 2286106, at *1 (E.D. Cal. May 23, 2013) (citing *Frow v. DeLa Vega*, 82 U.S. 552, 554 (1872)). "The Ninth Circuit extended this holding to prohibit default judgment against fewer than all of the defendants in an action where the co-defendants are 'similarly situated, even if not jointly and severally liable.'" *Transwest Cap., Inc.*, 2013 WL 2286106, at *1 (citing *In re First T.D. & Inv., Inc.*, 253 F3d 520, 532 (9th Cir. 2001) & *Garamendi v. Henin*, 683 F.3d 1069, 1082 (9th Cir. 2012)). The rationale for this rule is "to prevent inconsistent judgments between the defaulting defendants and the non-defaulting defendants, which 'would be incongruous and illegal.'" *Transwest Cap., Inc.*, 2013 WL 2286106, at *1 (citing *Frow*, 82 U.S. at 554).

> The [*First Motion*] seeks default judgment against fewer than all parties and claims. Based on this Court's review of the *Complaint*, it appears that under various claims, Defendants NYC and Higa are similarly situated with Defendant Jones, who the *Complaint* alleges is liable under several different claims with either Defendant NYC or Defendant Higa. Accordingly, this Court cannot find that there is no just reason for delay for entering default judgment against Defendants NYC and Higa. Plaintiffs have also not provided any argument regarding this issue despite being directed to *Supplement* their *Motion*.

ECF No. 39 at PageID.145-146.  Plaintiffs have again failed to address this issue in its arguments.  Accordingly, this Court cannot find in favor of default judgment.

## CONCLUSION

The Court **FINDS** that the *Eitel v. McCool* factors do not weigh in favor of default judgment.  Because default judgment is sought on fewer than all parties in this case, the Court cannot find that default judgment is appropriate.  The Court thus **RECOMMENDS** that the *Renewed Motion* (ECF No. 64) be **DENIED** without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 6, 2025.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00132 DKW-RT; *Kevin S. Albert, et al. vs. Noelani Yacht Charters, LLC, a Hawaii Limited Liability Company, et al.*;  Findings and Recommendation to Deny Plaintiffs' Renewed Motion for Default Judgment Against Defendants Noelani Yacht Charters and Kimberley Kalalani Higa